IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARMAINE SMITH and KIYA HARRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> PAT ALESSI SALON 1580 and PATRICIA ALESSI, <br><br> Defendants. | Civil Action Number: <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, Charmaine Smith ("Smith") and Kiya Harris ("Harris") by and through the undersigned counsel, brings this Complaint against Defendants Pat Alessi Salon 1580 ("Alessi Salon") and Patricia Alessi and ("Alessi") and plead as follows:

### INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover overtime pay that was denied them and additional like amounts as liquidated damages; and (2) for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Alessi Salon is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Smith resides within DeKalb County, Georgia.

5.

Alessi Salon employed Smith as a Stylist in and around Roswell, Georgia from April 28, 2012 until February 16, 2013.

6.

At all times relevant to this suit, Smith has been an "employee" of Alessi Salon as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about April 28, 2012 until February 16, 2013, Smith has been "engaged in commerce" as an employee of Alessi Salon as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times material hereto, Alessi Salon has been an "employer" of Smith as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Harris resides within Fulton County, Georgia.

10.

Alessi Salon employed Harris as Alessi's Assistant in and around Roswell, Georgia from August 2012 until September 15, 2012.

11.

At all times relevant to this suit, Harris has been an "employee" of Alessi Salon as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

From on or about August 2012 until September 15, 2012, Harris was "engaged in commerce" as an employee of Alessi Salon as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

At all times material hereto, Alessi Salon has been an "employer" of Harris as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

Alessi Salon is a corporation organized under the laws of the State of Georgia.

15.

From on or about April 28, 2012 until February 16, 2013, Alessi Salon was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2012, Alessi Salon had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Alessi Salon had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Alessi Salon had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Alessi Salon had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Alessi Salon had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Alessi Salon had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

At all times material hereto, Alessi Salon has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

23.

Alessi Salon is subject to the personal jurisdiction of this Court.

24.

Alessi Salon may be served with process at its principal office address located at 11230 Alpharetta Highway, Suite 115, Roswell, Georgia 30076.

25.

Alessi resides within Fulton County, Georgia.

26.

At all times material hereto, Alessi exercised operational control over the work activities of Plaintiffs.

27.

At all times material hereto, Alessi was involved in the day to day operation of the Alessi Salon in which Plaintiffs worked.

28.

At all times material hereto, Alessi Salon vested Alessi with supervisory authority over Plaintiffs.

29.

At all times material hereto, Alessi exercised supervisory authority over Plaintiffs.

30.

At all times material hereto, Alessi scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

31.

At all times material hereto, Alessi exercised authority and supervision over Plaintiffs' compensation.

32.

At all times material hereto, Alessi has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33.

Alessi is subject to the personal jurisdiction of this Court.

34.

Alessi may be served with process at her residence located at 465 Eastbourne Way, Alpharetta, Georgia 30005.

35.

At all times relevant to this suit and while an employee of Alessi Salon, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

36.

At all times relevant to this suit and while an employee of Alessi Salon, Smith was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times relevant to this suit and while an employee of Alessi Salon, Smith was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

38.

At all times relevant to this suit and while an employee of Alessi Salon, Smith was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

39.

At all times relevant to this suit and while an employee of Alessi Salon, Smith was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

40.

At all times material to this action, Alessi Salon paid Smith on an hourly basis in the three years prior to the filing of this lawsuit

41.

At all times material to this action, Alessi Salon did not pay Smith on a commission basis.

42.

At all times material hereto, Smith was not paid the overtime premium for all hours worked in excess of forty in a given workweek.

43.

At all times relevant to this suit and while an employee of Alessi Salon, Harris was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

44.

At all times relevant to this suit and while an employee of Alessi Salon, Harris was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

45.

At all times relevant to this suit and while an employee of Alessi Salon, Harris was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

46.

At all times relevant to this suit and while an employee of Alessi Salon, Harris was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

At all times material to this action, Alessi Salon paid Harris on an hourly basis in the three years prior to the filing of this lawsuit

48.

At all times material to this action, Alessi Salon did not pay Harris on a commission basis.

49.

At all times material hereto, Harris was not paid the overtime premium for all hours worked in excess of forty in a given workweek.

**COUNT I - FAILURE TO PAY OVERTIME TO SMITH**

50.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

51.

At all times material hereto, Smith has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

52.

During her employment with Defendants, Smith regularly worked in excess of forty (40) hours each week.

53.

Defendants failed to pay Smith at one and one half times her regular rate for work in excess of forty (40) hours in any week from April 28, 2012 through February 16, 2013.

54.

Defendants willfully failed to pay Smith at one and one half times her regular rate for work in excess of forty (40) hours in any week from April 28, 2012 through February 16, 2013.

55.

Smith is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Smith is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

As a result of the underpayment of overtime compensation as alleged above, Smith is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME TO HARRIS

58.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

59.

At all times material hereto, Harris has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

60.

During her employment with Defendants, Harris regularly worked in excess of forty (40) hours each week.

61.

Defendants failed to pay Harris at one and one half times her regular rate for work in excess of forty (40) hours in any week from August 2012 through September 15, 2012.

62.

Defendants willfully failed to pay Harris at one and one half times her regular rate for work in excess of forty (40) hours in any week from August 2012 until September 15, 2012.

63.

Harris is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above, Harris is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of the underpayment of overtime compensation as alleged above, Harris is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        ***DELONG CALDWELL BRIDGERS***
                                        ***& FITZPATRICK, LLC***

| | |
|---|---|
| 3100 CENTENNIAL TOWER | */S/ MICHAEL A. CALDWELL* |
| 101 MARIETTA STREET | MICHAEL A. CALDWELL |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 102775 |
| (404) 979-3150 | |
| (404) 979-3170 (f) | */S/CHARLES R. BRIDGERS* |
| michaelcaldwell@dcbflegal.com | CHARLES R. BRIDGERS |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 080791 |

                                        **COUNSEL FOR PLAINTIFFS**